```
REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
353 Sacramento Street, Suite 860
San Francisco, California  94111
Telephone:  (415) 989-4100
Facsimile:   (415) 989-2235

Attorneys for Trustee,
CAROL W. WU
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 05-55648 MM |
| CONNECTIX CORPORATION | Chapter 7 |
| Tax I.D. # 94-30172 | [No Hearing Unless Requested] |
| Debtor | |

**OBJECTION TO CLAIM 66 EOP-Peninsula Office Park, LLC**

TO: THE FOLLOWING CLAIMANT(s):
 **EOP-Peninsula Office Park, LLC**

NOTICE IS HEREBY GIVEN THAT Carol W. Wu ("Trustee"), the trustee of the above-referenced bankruptcy estate, will and hereby does object to your claim referenced above, in order to disallow any portion of the claim that violates the limitation in Section 502(b)(7) for one year's rent after the landlord obtained back the premises, miscalculating that maximum, and for failing to apply a Letter Of Credit against the "capped" amount.

EOP filed a proof of claim in the amount of $2,335,283.99 consisting of $161,588.52 in unpaid rent and other charges from the period before it recovered the premises in September of 2003, and $2,173,695.47 as the balance of its lease damages as limited by the "cap". It had applied a Letter Of Credit of $1,648,782 prepetition.

There are two legal issues disputed by the Trustee in EOP's calculation of the "cap" amount. First, EOP used 15% of the amount of its remaining damages, rather than one year of

lease rent or 15% of 6.5 years of lease rent, whichever was greater.[1]

Second, EOP took the position that a LOC applied a long time prepetition did not diminish the estate, and therefore could be applied by the landlord to the uncapped portion of its damages rather than the limited amount allowable for specific bankruptcy estate purposes pursuant to the Code.[2]

Presently, the Trustee believes that the correct amount of the claim for purposes of distribution in the within bankruptcy case is $446,247.06, to share in the distributions from the estate on the same basis as claims of the same class, prepetition general unsecured claims. The Trustee reserves the right to amend this objection to include any other ground of objection that may appear upon further investigation and litigation, including unfair conduct in the within Case.

A copy of the face page of the disputed claim is attached hereto.

As stated in the Notice served on you herewith, the procedure for an objection to claim is governed by B.L.R. 9014-1. Pursuant to B.L.R. 9014-1, the Trustee may request an order fixing the capped claim at $446,247.06, <u>unless within twenty (20) days of the date of this notice, the claimant files with the court and serves a copy on counsel for the trustee at the address set forth above, a written Request for Hearing or an Objection</u> to the requested relief, accompanied by a declaration or memorandum of law in support of the claimant's position. In the event the claimant files and serves such documents, the trustee will obtain a hearing date, and give the objecting party at least ten (10) days written notice of the hearing.

**IF NO REQUEST FOR A HEARING OR OBJECTION TO THE PROPOSED RELIEF IS TIMELY FILED AND SERVED, THE COURT MAY ENTER AN ORDER**

---

[1] See, In re Iron Oak Supply Corp., 169 B.R. 414 (Bankr. E.D. Cal. 1994). The Trustee calculated the remaining period of the lease as 6.5 years approximately, 15% of which is less than the 1 year otherwise applicable. But EOP's calculation per Exhibit 2 of its Proof of Claim was that the 15% applied to the $14,491,303.15 of remaining contract rent, less mitigation and the Letter of Credit.

[2] In re AB Liquidating Corp., 416 F.3d 961 (9th Cir. 2005); In re Mayan Networks Corporation, 306 B.R. 295 (9th Cir. BAP 2004).

**GRANTING THE REQUESTED RELIEF BY DEFAULT.**

WHEREFORE, the Trustee respectfully requests that the claim be disallowed except as to $446,247.06.

DATED AND SERVED:    This _3rd_ day of March, 2006.

                                    STROMSHEIM & ASSOCIATES

                                          Linda Sorensen

LINDA SORENSEN
Attorneys for CAROL W. WU, Trustee