MICHAEL S. GREGER (BAR NO. 156525)
A. KENNETH HENNESAY, JR. (BAR NO. 187531)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Telephone: (949) 553-1313
Facsimile: (949) 553-8354
E-Mail: mgreger@allenmatkins.co
        khennesay@allenmatkins.com

Attorneys for Creditor
EOP-PENINSULA OFFICE PARK, L.L.C.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 05-55648-MM7 |
| CONNECTIX CORPORATION, | Chapter 7 |
| Debtor. | **SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 66 (EOP-PENINSULA OFFICE PARK, LLC) [DOCKET 79]** |
| | Date: December 8, 2006<br>Time: 11:00 a.m.<br>Place: United States Bankruptcy Court<br>280 South First Street<br>San Jose, CA 95113<br>Courtroom 3070 |

Creditor EOP-Peninsula Office Park, L.L.C. ("EOP"), by and through its attorneys, hereby files this Supplemental Memorandum of Points and Authorities in Support of Request for Hearing in Response to Trustee's Objection to Claim 66 (EOP-Peninsula Office Park, L.L.C.) in support of its opposition to the Trustee's objection to EOP's claim.

A primary focus of the Trustee's claim objection is that EOP's claim must be reduced by $1,648,782 in letter of credit proceeds EOP received and applied to its state law damage claim

almost two years prior to the petition date.[1] In its original opposition brief, which is incorporated herein by reference, EOP set forth the reasons why the Trustee's claim objection should be overruled. In addition to those reasons, the Trustee's claim objection should be overruled based upon a ruling directly on point issued by the Honorable Judge Dennis Montali of the United States Bankruptcy Court for the Northern District of California in In re Deltagen, Inc., USBC Case No. 03-31906, Dec. 06, 2005 Memorandum of Decision.[2] Judge Montali expressly held that a landlord's prepetition draw against a letter of credit does *not* reduce a landlord's capped claim under section 502(b)(6) of the Bankruptcy Code.

In Deltagen, a landlord and the debtor entered into a long-term lease secured by a letter of credit. Prior to the debtor's bankruptcy filing, the landlord drew on the full amount of the letter of credit in accordance with the terms of the lease. Following its bankruptcy filing, the debtor asserted that the landlord drew on the letter of credit after the lease terminated under California law and that the proceeds from the letter of credit had to be offset against the cap under section 502(b)(6) in accordance with the Ninth Circuit's ruling in AMB Property, L.P. v. Official Creditors for the Estate of AB Liquidating Corp. (In re AB Liquidating Corp.), 416 F.3d 961, 964-65 (9th Cir. 2005).

In rejecting the debtor's argument, Judge Montali relied upon the Ninth Circuit BAP's ruling in Young v. Condor Systems, Inc. (In re Condor Systems, Inc.) 296 B.R. 5 (B.A.P. 9th Cir. 2003) to hold that a prepetition draw against a letter of credit, even where the lease was

---

[1] Because the Debtor is a liquidating chapter 7 corporation, it is ineligible for a discharge and remains liable for the entirety of EOP's state law damages irrespective of the cap imposed by section 502(b)(6) of the Bankruptcy Code. EOP retains and reserves all rights to pursue any portion of its state law damages that may be disallowed against the Debtor's bankruptcy estate directly against the Debtor and third parties.

[2] Attached hereto as Exhibit "A" is a true and correct copy of Judge Montali's decision in Deltagen, which is on the Court's website at www.canb.uscourts.gov. The Trustee in her Reply Memorandum in Support of Motion Concerning Claim of EOP-Peninsula Office Park, LLC and Abandonment of Assets [Docket No. 115] cited the Deltagen ruling in support of her proposed compromise with EOP. EOP believes that the Deltagen ruling is properly citable in accordance with Local Bankruptcy Rules 1001-2 (13) and (25), which incorporate by reference Local District Court Rules 3-4(e) ("Prohibition of Citation to Uncertified Opinion or Order") and 7-14 ("Designation Not For Publication" (originally labeled Local District Rule 7-13)).

terminated, does not reduce the landlord's capped claim under section 502(b)(6). Quoting from Condor, Judge Montali stated:

> The panel in Condor notes that section "502(b)(6) tracks the language of [section] 502(b)(7)" (id. at 14, n. 10) and holds that the language and structure of section 506(b)(7) do not contemplate offsets of prepetition payments (or, in this case, draws):
>
>> The preambular portion of § 502(b) -- "shall determine the amount of such claim in lawful currency of the United States <u>as of the date of the filing of the petition</u>" -- admits of one reading. 11 U.S.C. § 502(b) (emphasis added).
>>
>> The date of filing bankruptcy is the measuring date for determining substantive damages, while the earlier of the date of termination or date of filing is the measuring date for determining the § 502(b)(7) cap [and the section 502(b)(6) cap]. <u>The use of the earlier of the date of bankruptcy or of termination as the measuring date for cap determination, but not damages, compels the conclusion that prepetition payments are irrelevant.</u>
>>
>> The fact that back pay provision at § 502(b)(7)(B) raises the cap by the amount of "unpaid compensation due under such contract, without acceleration, on the earlier of such dates" supports our conclusions. <u>Consistent with canons of construction that require terms such as "unpaid" and "due" to be interpreted so as to give effect to each, the term "unpaid" makes the most sense as a separate concept if it means back pay due [or unpaid rent] that remains unpaid at the time of the filing of the petition.</u>
>>
>>     *    *    *
>>
>> <u>If Congress meant for the damages cap of § 502(b)(7)(A) to be reduced by prepetition payments, it could have included the term "unpaid" that it used in § 502(b)(7)(B) ("any unpaid compensation due").</u>
>
> <u>Id.</u> at 14-15 (emphasis and bracketed commentary added). This court agrees with BAP that if Congress had intended prepetition payments (or, in this case, prepetition draws) to be applied against the capped amount of section 502(b)(6), it would have used "unpaid" in that subsection.
>
> As in Condor, those amounts received by [the debtor] in prepetition draws in the interval between the surrender of the Premises and the petition date do not have to be offset against the section 502(b)(6) capped claim. While those amounts reduce Woodside's gross claim, the calculation of the capped, and thus allowable, portion of that claim is a purely mathematical function, made as of the date of the termination of the Lease and without regard to subsequent, prepetition payments.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

-3-
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Based upon the foregoing, Judge Montali ruled that <u>prepetition draws</u> against a letter of credit securing a lease "do not have to be offset against the cap." <u>Deltagen</u>, pg. 13.

Judge Montali's ruling in <u>Deltagen</u> is clear and concise and applies with full force to this case. In her claim objection, the Trustee acknowledges, as she must, that EOP applied the $1,648,782 in prepetition letter of credit proceeds to its state law damages <u>prepetition</u>. Because the draw and application occurred almost two years prior to the petition date, the prepetition application of letter of credit proceeds reduced EOP's outstanding state law damages but has absolutely no effect on the cap imposed by section 502(b)(6) of the Bankruptcy Code. As of the petition date, the letter of credit no longer existed and the proceeds had long since been applied to EOP's state law damages. Accordingly, as a matter of law, the Trustee's attempt to reduce EOP's claim by the amount of the letter of credit proceeds fails and the Trustee's claim objection must be overruled.

## I. CONCLUSION

For the foregoing reasons, EOP respectfully urges this Court to overrule the Trustee's claim objection.

Dated: December 1, 2006
                                 ALLEN MATKINS LECK GAMBLE
                                 MALLORY & NATSIS LLP

By: /s/ *Michael S. Greger*
       MICHAEL S. GREGER
       Attorneys for Creditor
       EOP-PENINSULA OFFICE PARK, L.L.C.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                                        ) ss.:
COUNTY OF ORANGE       )

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

    On December 1, 2006, I served on interested parties in said action the within:

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 66 (EOP-PENINSULA OFFICE PARK, LLC) [DOCKET 79]**

by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached mailing list and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

    I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

    Executed on December 1, 2006, at Irvine, California.

| Kim Rodriguez | */s/ Kim Rodriguez* |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

In re Connectix Corporation
USBC Case No. 05-55648-MM7

# MAILING LIST

**Debtor's Counsel**

James A. Tiemstra, Esq.
Law Offices of James A. Tiemstra
409 Thirteenth Street, 15th Floor
Oakland, CA 94612-2605

**Insiders' Counsel**

Jess B. Millikan, Esq.
Bullivant Houser Bailey PC
601 California Street, Suite 1800
San Francisco, CA 94108

**Chapter 7 Trustee**

Carol Wu, Esq.
25A Crescent Drive #413
Pleasant Hill, CA 94523

**Chapter 7 Trustee's Counsel**

Reidun Stromsheim, Esq.
Linda Sorensen, Esq.
Stromsheim and Associates
353 Sacramento Street, Suite 860
San Francisco, CA 94111

Reidun Stromsheim, Esq.
Linda Sorensen, Esq.
Stromsheim and Associates
201 California Street, Suite 350
San Francisco, CA 94111

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

Case: 05-55648   Doc# 125   Filed: 12/01/06   Entered: 12/01/06 16:30:11   Page 6 of 6
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES