REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
353 Sacramento Street, Suite 860
San Francisco, California 94111
Telephone: (415) 989-4100
Facsimile: (415) 989-2235

Attorneys for Trustee,
CAROL W. WU

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

CONNECTIX CORPORATION

Tax I.D. # 94-30172

Debtor

Case No. 05-55648 MM
Chapter 7
Hearing: December 8, 2006
Time: 11:00 a.m.
Courtroom: 3070
United States Bankruptcy Court
280 South First Street
San Jose, CA 95113

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CLAIM 66
### EOP-Peninsula Office Park, LLC

Carol W. Wu ("Trustee"), the trustee of the above-referenced bankruptcy estate, filed an objection to the calculation of the "capped" claim of landlord EOP-Peninsula Office Park, LLC. ("EOP"). EOP requested a hearing and filed a memorandum in opposition to the Trustee's position. The parties attempted to compromise the matter, but the compromise was not approved.

Legal issues control this dispute. It is possible that no factual issues will be disputed, and that the matter may be heard at the initial hearing. However, in a footnote in EOP's earlier memorandum, it claimed that the Trustee had not put in evidence[1] that the letter of credit that EOP drew on was secured by property of the Debtor. The Trustee understands that it was secured in that manner, but the Trustee does not control the evidence and would require additional proceedings if that fact is truly in controversy.

---

[1] The Trustee was not required to put in evidence as part of commencing the objection. And EOP has not said that the letter of credit was not secured.

As previously stated, the Trustee seeks to disallow any portion of the claim that violates the limitation in Section 502(b)(6) for one year's rent after the landlord obtained back the premises, miscalculating that maximum, and for failing to apply a Letter Of Credit against the "capped" amount.

EOP filed a proof of claim in the amount of $2,335,283.99 consisting of $161,588.52 in unpaid rent and other charges from the period before it recovered the premises in September of 2003, and $2,173,695.47 as the balance of its lease damages as limited by the "cap". It had applied a Letter Of Credit ("LOC") of $1,648,782 prepetition. The Trustee has been informed that the LOC was secured by property of the Debtor.

There are two legal issues disputed by the Trustee in EOP's calculation of the "cap" amount. First, EOP used 15% of the amount of its remaining damages, rather than one year of lease rent or 15% of 6.5 years of lease rent, whichever was greater.[2] The statute, which EOP quotes in full, speaks of the <u>term</u> of the lease and not the <u>amount</u> of accruing rent. The plain meaning is thus to look at years rather than dollars, as was the ruling in <u>In re Iron Oak Supply Corp.</u>, 169 B.R. 414 (Bankr. E.D. Cal. 1994). Why would the statute say "not to exceed 3 years" if it was referring to dollar accumulations for a potentially very lengthy lease instead of those rent amounts that would be due sooner rather than later. Years and dollars are apples and oranges.

Second, EOP took the position that a LOC applied a long time prepetition did not diminish the estate, and therefore could be applied by the landlord to the uncapped portion of its damages rather than the limited amount allowable for specific bankruptcy estate purposes pursuant to the Code.[3]

The Trustee hereby supplements her objection with the attached article: Fishman, Robert

---

[2] The Trustee calculated the remaining period of the lease as 6.5 years approximately, 15% of which is less than the 1 year otherwise applicable. But EOP's calculation per Exhibit 2 of its Proof of Claim was that the 15% applied to the $14,491,303.15 of remaining contract rent, less mitigation and the Letter of Credit.

[3] <u>In re AB Liquidating Corp.</u>, 416 F.3d 961 (9th Cir. 2005); <u>In re Mayan Networks Corporation</u>, 306 B.R. 295 (9th Cir. BAP 2004).

Case: 05-55648   Doc# 126   Filed: 12/01/06   Entered: 12/01/06 16:38:31   Page 2 of 3

2

M., "Section 502(b)(6) Lease Rejection Damages: Security Deposits and Letters of Credit." This paper was presented at the recent National Conference of Bankruptcy Judges in San Francisco, California.

Presently, the Trustee believes that the correct amount of the claim for purposes of distribution in the within bankruptcy case is $446,247.06, to share in the distributions from the estate on the same basis as claims of the same class, prepetition general unsecured claims. The Trustee reserves the right to amend this objection to include any other ground of objection that may appear upon further investigation and litigation.

WHEREFORE, the Trustee respectfully requests that the claim be disallowed except as to $446,247.06.

DATED AND SERVED: This _1st_ day of December, 2006.

> STROMSHEIM & ASSOCIATES
>
> Linda Sorensen
> _____
> LINDA SORENSEN
> Attorneys for CAROL W. WU, Trustee